**WO**                                                              TCK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert J. Walker, ) | No. CV 05-2882-PHX-MHM (LOA) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Joseph Arpaio, ) | |
| Defendant. ) | |

This is one of more than one thousand civil rights actions filed since September 2004 by Maricopa County Jail inmates.[1] Plaintiff is confined in the Durango Jail in Phoenix, Arizona. The Court will dismiss the action with leave to amend.

**A.   Application to Proceed In Forma Pauperis & Filing Fee.**

Plaintiff's request to proceed *in forma pauperis* will be granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of $250.00 for this action. No initial partial filing fee will be assessed by this Order. 28 U.S.C. § 1915(b)(1).

Plaintiff will be obligated for monthly payments of 20 percent of the preceding month's income credited to Plaintiff's trust account. The Court will direct the appropriate

---

[1] Many inmates apparently believe that they will receive an immediate payout from a fund established in <u>Hart v. Hill</u>, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.). No such fund exists. The inmates in <u>Hart</u> asked for injunctive relief and not monetary damages. The Court at this time expresses no opinion whether Plaintiff's lawsuit may result in an award of damages.

**JDDL-K**

agency to collect these monthly payments, which will be forwarded to the Clerk of Court each time the amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Plaintiff should take notice that if he is released before the filing fee is paid in full, he must pay the remaining unpaid amount of the filing fee within 120 days of the date of his release. If Plaintiff fails to pay the remainder of the filing fee within 120 days of the date of his release, the action will be dismissed, unless Plaintiff shows good cause, in writing, why he is unable to pay the remainder of the filing fee.

**B.     Statutory Screening of Prisoner Complaints.**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if Plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend the complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court is required to grant leave to amend "if a complaint can possibly be saved," but not if the Complaint "lacks merit entirely." Id. at 1129. A court therefore should grant leave to amend if the pleading could be cured by the allegation of other facts, or if it appears at all possible that the defect can be corrected. Id. at 1130. The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine the district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether court was required to inform litigant of deficiencies). Plaintiff's Complaint will be dismissed for failure to state a claim, *with* leave to amend because the complaint may possibly be saved by amendment.

**C.     Complaint.**

Plaintiff presumably was a pretrial detainee during his incarceration at the Durango Jail. He sues Sheriff Joseph Arpaio. In his Complaint, Plaintiff alleges that the jail is severely overcrowded, he receives insufficient and frequently spoiled food, and the conditions are unsanitary.

### D.     **Improper Defendant.**

The sole Defendant in this action is the Maricopa County Sheriff Joseph Arpaio. A supervisor, in his individual capacity, "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

Plaintiff has not alleged that Defendant Arpaio enacted or enforced a policy, custom, or practice which resulted in the denial of his constitutional rights. Further, Plaintiff did not allege that Defendant Arpaio violated his constitutional rights, or was even aware that his rights were being violated. Accordingly, Plaintiff fails to sufficiently set forth a cause of action.

In any Amended Complaint, **Plaintiff must also allege that he suffered a specific injury as a result of the specific conduct of a defendant, and show an affirmative link between the injury and the conduct of that defendant**. Rizzo v. Goode, 423 U.S. 362, 371-72, 377, 96 S. Ct. 598, 604-05, 607, 46 L. Ed. 2d 561, 569-70, 573 (1976). To state a claim against a state official, the civil rights complainant must allege that the official personally participated in the constitutional deprivation or that a state supervisory official was aware of widespread abuses and with deliberate indifference to the inmate's constitutional rights, failed to take action to prevent further misconduct. King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987); See Monell v. New York City Department of Social Services, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978).

1  **E. Hart v. Hill**

2  Throughout his Complaint, Plaintiff refers to Hart v. Hill, No. CIV 77-0479-PHX-
3  EHC (D. Ariz.), claiming that the conditions of his confinement violated an Amended
4  Judgment in that action. Jurisdiction to enforce the judgment is retained by the court which
5  entered it. Jeff D. v. Kempthorne, 365 F.3d 844, 853 (9th Cir. 2004). A civil rights action
6  is not the proper means by which to enforce the decree. Cagle v. Sutherland, 334 F.3d 980,
7  986 (11th Cir. 2003); Klein v. Zavaras, 80 F.3d 432, 435 (10th Cir. 1996); DeGidio v. Pung,
8  920 F.2d 525, 534 (8th Cir.1990); Green v. McKaskle, 788 F.2d 1116, 1122-23 (5th Cir.
9  1986). Standing alone, remedial orders cannot serve as a substantive basis for a § 1983 claim
10 for damages because such orders do not create "rights, privileges, or immunities secured by
11 the Constitution and laws." Green, 788 F.3d at 1123-24. Remedial decrees are the means
12 by which unconstitutional conditions are corrected but they do not create or enlarge
13 constitutional rights. Id. at 1123. To the extent Plaintiff seeks to enforce Hart v. Hill, his
14 claim is not properly brought in this action.

15 **F. Leave to Amend.**

16 For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state
17 a claim upon which relief may be granted. Plaintiff may amend his Complaint to cure the
18 deficiencies outlined above. The Clerk of Court will be directed to provide Plaintiff with a
19 Court-approved form for filing a civil rights complaint. Plaintiff is advised that the amended
20 complaint must be retyped or rewritten in its entirety on the court-approved form and may
21 not incorporate any part of the original Complaint by reference. Any amended complaint
22 submitted by Plaintiff should be clearly designated as such on the face of the document.

23 **G. Amendment.**

24 Plaintiff may choose to amend his Complaint as described by this Order. Plaintiff is
25 advised that his First Amended Complaint must be retyped or rewritten in its entirety on a
26 court-approved form and may not incorporate any part of the original Complaint by
27 reference. Any Amended Complaint submitted by Plaintiff should be clearly designated as

28

JDDL-K

- 4 -

such on the face of the document. The Clerk of Court will be directed to provide Plaintiff with a form for filing a civil rights action.

An amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.), cert. denied, 506 U.S. 915 (1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the original pleading is treated as nonexistent. Ferdik, 963 F.2d at 1262. Thus, causes of action alleged in an original complaint which are not alleged in an amended complaint are waived. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

**H.  Address Changes.**

In the notice of assignment issued in this action (Doc. #2), Plaintiff was advised he must file a notice of change of address if his address changes. Plaintiff is again reminded that at all times during the pendency of this action, Plaintiff shall immediately advise the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." Plaintiff shall serve a copy of the Notice of Change of Address on all opposing parties. The notice shall contain only information pertaining to the change of address and its effective date, and shall not include a motion for other relief. Failure to timely file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**I.  Warning of Possible Dismissal Pursuant to Rule 41.**

Plaintiff should take note that if he fails to timely comply with every provision of this Order, this action will be dismissed without further notice. See Ferdik, 963 F.2d at 1260-61(district court may dismiss action for failure to comply with any order of the Court). Moreover, because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal of this action will count as a "strike" under the "three strikes" provision of the Prison Litigation Reform Act. See 28 U.S.C. § 1915(g).

1  **IT IS THEREFORE ORDERED THAT:**

2  (1)  Plaintiff's Application to Proceed *In Forma Pauperis* is granted pursuant to 28
3  U.S.C. § 1915(a)(1).

4  (2)  Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.  No
5  initial partial filing is assessed.  All fees shall be collected and paid in accordance with this
6  Court's Order to the appropriate government agency filed concurrently herewith.

7  (3)  The Complaint is **dismissed** for failure to state a claim.  Plaintiff shall have **30**
8  **days** from the date this Order is filed to file an Amended Complaint in compliance with this
9  Order.

10  (4)  The Clerk of Court shall enter a judgment of dismissal of this action with
11  prejudice and without further notice to Plaintiff, if Plaintiff fails to file an amended complaint
12  within thirty (30) days of the date this Order is filed.  Upon entry of judgment, the Clerk shall
13  make an entry on the docket in this matter indicating that the dismissal of this action falls
14  within the purview of 28 U.S.C. § 1915(g).

15  (5)  Aside from the two copies of the petition or amended petition that must be
16  submitted pursuant to LRCiv 3.5(a), a clear, legible copy of every pleading or other
17  document filed shall accompany each original pleading or other document filed with the
18  Clerk for use by the District Judge or Magistrate Judge to whom the case is assigned.  See
19  LRCiv 5.4.  Failure to comply with this requirement may result in the pleading or document
20  being stricken without further notice to Plaintiff.

21  (6)  The Clerk of Court is directed to provide to Plaintiff a current court-approved
22  form for filing a civil rights complaint by a prisoner.

23  DATED this 13th day of April, 2006.

_____
Mary H. Murgula
United States District Judge

**JDDL-K**

- 6 -